MUNSCH HARDT KOPF & HARR PC
Steven N. Williams (*admitted pro hac vice)*
swilliams@munsch.com
William Zac Duffy (*admitted pro hac vice*)
zduffy@munsch.com
Brittani Stori Miller (*admitted pro hac vice*)
bmiller@munsch.com

Ross Tower
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6605
Telephone: 214.855.7500
Facsimile: 214.855.7584
Attorneys for Defendants for Target Corporation, a Minnesota corporation; Target Brands Inc., a Minnesota corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Lisa Frank, Inc., an Arizona Corporation;<br><br>Plaintiff,<br>v.<br><br>Target Corporation, a Minnesota corporation; Target Brands Inc., a Minnesota corporation; Seasons Limited – Macao Commercial Offshore, a foreign corporation.<br><br>Defendants. | Case No. 4:25-cv-00498-SHR<br><br>**DEFENDANTS TARGET CORPORATION AND TARGET BRANDS INC.'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants Target Corporation and Target Brands Inc. (collectively "**Target**" or "**Defendants**") by and through undersigned counsel, hereby submit their *Motion to Dismiss Amended Complaint* (the "**Motion**") pursuant to Federal Rule of Civil Procedure 12(b)(6). This Motion is supported by the following Memorandum of Points and Authorities:

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Lisa Frank Inc. ("**LFI**" or "**Plaintiff**") alleges Target's "Retro Notebook Halloween Costume" (the "**Costume**") infringes its trade dress and copyrights.[1] The Costume, however, is an expressive, satirical parody humorously evoking the 1990s school-supply aesthetic. As such, it is a protected form of artistic expression under the First Amendment. The Costume is show below:

Target's Costume, Amend. Compl., p.7 (Doc. 11)





Courts consistently recognize expressive works like the Costume as protected by the First Amendment and immune from overreaching intellectual property claims. *See Rogers v. Grimaldi*, 875 F.2d 994, 1001 (2d Cir. 1989); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 907 (9th Cir. 2002); *E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1101 (9th Cir. 2008).

[1] LFI alleged copyright infringement with respect to eight copyright registrations, VA 2-290-713, Vau 595-805, VA 1-119-408, VA 1-794-501, Vau 1-164-369, VA 562-673, VA 702-091, and Vau 377-807.

Other courts have dismissed similar allegations at the initial pleading stage for failure to state a claim under Rule 12(b)(6):

- *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1119 (C.D. Cal. 2024) (Granting 12(b)(6) motion dismissing plaintiff's Lanham Act claims involving use of registered marks in a book).
- *Brownmark Films, LLC v. Comedy Partners*, 800 F. Supp. 2d 991, 998 (E.D. Wis. 2011), *aff'd,* 682 F.3d 687 (7th Cir. 2012) (Granting 12(b)(6) motion dismissing copyright claims as allegedly infringing work was a "classic parody").
- *Down to Earth Organics, LLC v. Efron*, 2024 WL 1376532, at *4 (S.D.N.Y. Mar. 31, 2024) (Granting 12(b)(6) motion dismissing Lanham Act claims involving use of mark "Down to Earth").
- *JTH Tax LLC v. AMC Networks Inc.*, 694 F. Supp. 3d 315, 322 (S.D.N.Y. 2023) (Granting 12(b)(6) motion dismissing claims over use of Liberty Tax marks and trade dress in the television show *Better Call Saul*).
- *Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962, 967 (C.D. Cal. 2007) (Granting 12(b)(6) motion dismissing copyright claims over fair use and parody of an animated version of allegedly copyrighted character from Carol Burnette Show).
- *Louis Vuitton Malletier S.A. v. Warner Bross. Ent. Inc.*, 868 F. Supp. 2d 172, 174 (S.D.N.Y. 2012) (Granting 12(b)(6) motion dismissing Lanham Act claims for use of Louis Vuitton marks in a movie).
- *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235 (9th Cir. 2013) (Affirming dismissal of Lanham Act claims under 12(b)(6)).
- *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 395 (S.D.N.Y. 2020) (Granting 12(b)(6) motion dismissing copyright claims due to fair use).

Additionally, each of LFI's causes of action independently fails for separate reasons:

1. LFI has not sufficiently defined its alleged trade dress with particularity;
2. Its Arizona common-law unfair competition claim is preempted by the Lanham Act; and
3. The claims for infringement of Copyright Registrations VAu 377-807 (the

"**'807 Copyright**") and VA 702-091 (the "**'091 Copyright**") fail because the Costume lacks substantial similarity to any allegedly protectable elements of LFI's works.

## II. STATEMENT OF THE ISSUES

1. Whether Plaintiff's claims are barred by the First Amendment and the Fair Use Doctrine;

2. Whether Plaintiff has failed to define the boundaries of its trade dress claim;

3. Whether the Lanham Act pre-empts Arizona's state law on unfair competition; and

4. Whether the Costume lacks substantial similarity to the copyrightable elements in the '807 and '091 Copyrights.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard.

The Court may dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim or does not state factual allegations showing that the right to relief is plausible. Fed. R. Civ. P. 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 663-64 (citing *Twombly*, 550 U.S at 556).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may consider expressive works incorporated by reference in the complaint. *Brown v. Elec. Arts,*

*Inc.*, 724 F.3d 1235, 1248 n. 7 (9th Cir. 2013) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Moreover, the Court may consider matters judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp*., 844 F.2d 646, 649 (9th Cir. 1988). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In considering matters properly subject to judicial notice, the Court may disregard contradictory allegations in a complaint. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court need not accept as true allegations that contradict matters properly subject to judicial notice or documents incorporated by reference into the complaint. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014).

**B. The First Amendment Bars Counts I, II and III.**

Intellectual property rights cannot override the constitutional protection afforded to expressive works, even those sold commercially. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 583 (1994). The Costume, which humorously transforms the concept of a notebook into a wearable parody, falls squarely within this protection.

**1. The *Rogers* Test precludes Counts I and II.**

Under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), the use of a mark in an expressive work is actionable only if (1) it has no artistic relevance to the

underlying work, or (2) it explicitly misleads as to source (the "***Rogers*** **Test**"). *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d at 894, 900-02 (Applying *Rogers* Test for the first time in the Ninth Circuit); *see also Haas Automation, Inc. v. Steiner*, 750 F. Supp. at 1116 ("The *Rogers* [T]est . . . creates a heightened showing for a trademark infringement claim"). Trade dress claims are indistinguishable from trademark claims. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 773, 112 S. Ct. 2753, 2760, 120 L. Ed. 2d 615 (1992) ("[Section] 43(a) provides no basis for distinguishing between trademark and trade dress. There is no persuasive reason to apply different analysis to the two."). Thus, the *Rogers* Test analysis is appropriate for both trade dress and trademark infringement claims. *See Jack Daniel's Props., Inc. v. VIP Prods. LLC,* 599 U.S. 140, 153, 143 S. Ct. 1578, 1587, 216 L. Ed. 2d 161 (2023) (analyzing trade dress and trademark infringement claims under the *Rogers* Test).

*a. <u>Artistic Relevance</u>*

As *Rogers* and its progeny make clear, only a small amount of artistic relevance is needed to satisfy this prong of the test. *E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008) (Barring trademark and trade dress infringement claims under *Rogers* Test where "[t]he level of relevance merely must be above zero"); *Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1245-248 (Affirming dismissal because "even the slightest artistic relevance" is sufficient).

The Costume is an over-the-top, wearable parody of a spiral notebook covered in rainbow colors and whimsical characters, deliberately invoking 1990s

aesthetics. This artistic reference enhances the Costume's humor and nostalgic commentary, easily satisfying the minimal threshold of artistic relevance.

*b. No Explicitly Misleading Statement*

LFI identifies no "explicit indication," or "overt claim" suggesting the Costume originated from Lisa Frank. *See Betty's Foundation for Elimination of Alzheimer's Disease v. Trinity Christian Center of Santa Ana, Inc.,* 2021 WL 3046889 (C.D. Cal. 2021) aff'd 2022 WL 807391 (9th Cir. 2022) ("Here, Plaintiff has failed to allege that Defendants used the "Remember the Music" mark in the same context as Plaintiff."). The court focuses on the message created by defendants, not its impact on consumers. *MGFB Properties, Inc. v. Viacom Inc*, 54 F.4th 670, 682 (11th Cir. 2022) (Applying *Rogers* Test to affirm summary dismissal even where survey evidence showing 22% level of confusion found not determinative).

LFI does not and cannot allege Target made an explicitly misleading statement as to the source of the Costume. Without overt conduct or an explicitly affirmative statement to mislead, the second prong of the *Rogers* Test is satisfied.

Because the Costume satisfies both prongs of the *Rogers* Test, LFI cannot succeed on its trade dress claims. Therefore, the Court should dismiss Counts I and II.

**2. The Costume's Fair Use as a Parody Precludes Count III.**

Fair use ensures copyright protection does not stifle creativity or social commentary. *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 575 (1994). Courts weigh four factors in determining whether fair use applies: (1) the purpose and character of the use, including whether such use is of a commercial nature or

is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Id.* (citing 17 U.S. Code § 107).

*a. Purpose and Character of the Use*

The Costume is transformative. It satirically enlarges the size of a normal notebook and may reasonably be taken as a comment on the hyper consumerism and style of the 1990's, expressing the obsession most schoolgirls had with the kaleidoscopic, almost surreal, style which reimagined mundane school supplies. Transformative uses like parody are "the very type of activity the fair use doctrine intends to protect." *Id.* at 579.

*b. Nature of the Copyrighted Work*

This factor in the fair use analysis receives little weight in parody because parodies almost invariably copy publicly known and expressive works. *Id.* at 586; *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 803 (9th Cir. 2003) (Noting Barbie is a creative work which is "not terribly significant in the overall fair use balancing."); *see also*, *E.S.S. Ent. 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1099-101 (9th Cir. 2008) (Affirming "Pig Pen" strip club in a video game as fair use); *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 901-02 (9th Cir. 2002) (Affirming music companies' use of "Barbie" mark in song as fair use); *University of Ala. Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d at 1279 (Affirming artist's use of University of Alabama's trademarks in paintings, prints, and calendars as not violating the Lanham Act).

*c. Amount and Substantiality of Use*

The Costume does not "simply copy the work 'verbatim' with 'little added or changed.'" *Mattel*, 353 F.3d at 803 (quoting Campbell, 510 U.S. at 583 ). Rather, it borrows elements from one of the asserted copyrights, while adding other unique elements to evoke a Halloween theme and the desired aesthetic. *See* Doc. 11-1 (Comparing the works). Accordingly, this factor weighs in favor of fair use. *Id*.

*d. Effect on the Market.*

The Costume does not compete with or substitute for any Lisa Frank product. A comical Halloween costume is not a notebook. *See id.* ("A verbatim copy of Barbie would be an exact three dimensional reproduction of the doll."). Thus, there is no plausible market harm. *Id.* at 806 (Parody photographs unlikely to impact the market for actual Barbie dolls).

Because all four factors favor Target, the Costume is fair use as a matter of law and Count III must be dismissed.

**C. Each Count Fails for Additional Independent Reasons.**

Although the *Rogers* Test and its protection of First Amendment rights and the Fair Use Doctrine bar LFI's claims, dismissal is also appropriate because: (1) LFI fails to plead and give adequate notice of its claimed trade dress; (2) LFI's common law unfair competition claim is preempted by the Lanham Act; and (3) the Costume is not substantially similar at least to the '807 and '091 Copyrights.

**1. Count I Should be Dismissed because LFI Has Not Sufficiently Identified the Boundaries of its Claimed Trade Dress.**

LFI failed to identify and define a protectable trade dress. Accordingly, its

trade dress infringement claim under § 43(a) of the Lanham Act should be dismissed.

LFI's trade dress infringement claim can only survive a motion to dismiss if it "identif[ies] the mark and allege[s] three basic elements: (1) distinctiveness; (2) nonfunctionality; and (3) likelihood of consumer confusion." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *see also Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (trade dress); *YZ Prods., Inc. v. Redbubble*, Inc., 545 F. Supp. 3d 756, 766–67 (N.D. Cal. 2021) (same).

Further, LFI must "clearly articulate its claimed trade dress to give a defendant sufficient notice." *Millennium Labs., Inc. v. Ameritox, Ltd.*, 2012 U.S. Dist. LEXIS 147528, *6 (S.D. Cal. Oct. 12, 2012) (internal quotations omitted); *Tangle, Inc. v. Aritzia, Inc.,* 125 F.4th 991, 998 (9th Cir. 2025) (collecting cases). Clear articulation demands "a complete recitation of the concrete elements of [their] alleged trade dress." *YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d at 767 (alteration original) (internal quotations and citations omitted). "A general description of the [product] is insufficient." *Bryant v. Matvieshen*, 904 F. Supp. 2d 1034, 1046 (E.D. Cal. 2012). As are images and descriptions of some products without "a complete recitation of the concrete elements of the trade dress." *Crafty Prods., Inc. v. Michaels Cos., Inc.*, 424 F. Supp. 3d 983, 991–92 (S.D. Cal. 2019), *aff'd sub nom*. *Crafty Prods., Inc. v. Fuqing Sanxing Crafts Co*., 839 F. App'x 95 (9th Cir. 2020); *see also Tangle, Inc. v. Aritzia, Inc.*, 125 F.4th 991, 999 (9th Cir.

2025) (Affirming dismissal where plaintiff "failed to provide a complete recitation of the concrete elements that it contended constituted its protectible trade dress, and merely providing photographs of some products and partial descriptions is insufficient"). In addition, courts have dismissed claims where a list is unbounded by non-limiting qualifiers which in turn frustrate adequate notice. *See, e.g., EVIG, LLC v. Natures Nutra Co.,* 685 F. Supp. 3d 991, 999 (D. Nev. 2023) ("Because plaintiff has not provided a bounded list of protectible elements or properly pled its pre-existing rights in its purported trade dress, the court will dismiss this claim as well."); *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456-RSWL-JEM, 2017 WL 4271133, at *4 (C.D. Cal. Sept. 25, 2017) (Dismissing trade dress claim for using phrase "may include").

LFI has not set forth an exhaustive list of protected elements to plead a claim for trade dress infringement successfully. First, LFI's alleged trade dress is vague and ambiguous because it identifies a "vibrant color scheme" without specifically identifying which colors qualify as "vibrant." *See Walker & Zanger, Inc. v. Paragon Indus., Inc.,* 549 F. Supp. 2d 1168, 1176 (N.D. Cal. 2007) ("[T]o describe the colors of the trade dress, plaintiff should list the actual colors rather than claim a 'palette of colors reminiscent of Provence.'"). For example, LFI's alleged trade dress vaguely claims "brightly colored bold graphics," "use of brilliant graduated color sequences, and colors that fade into one another" and "employing rainbow colors." Amend. Comp. at ¶ 19 (Doc. 11). Further, LFI's use of non-limiting qualifiers like "often in groups including" and unbounded phrases like "comprised of the

combination of some or all," *id.*, do not provide adequate notice of its claim.

Accordingly, LFI has not adequately plead a claim for trade dress infringement.

**2. Count II is preempted by the Lanham Act.**

LFI's Arizona common law unfair competition claim is preempted by the Lanham Act.

A common law unfair competition claim for preemption must be dismissed unless the plaintiff "'alleges elements that make it qualitatively different'" from the Lanham Act. *Armored Grp. LLC v. Lutzker*, No. CV-24-01516-PHX-SPL, 2025 WL 671759, at *4 (D. Ariz. Mar. 3, 2025) (citing *Fairway Constructors, Inc.,* 970 P.2d at 956 (Ariz. Ct. App. 1998)). In *Armed Grp. LLC*, the Court granted the defendant's Rule 12(b)(6) motion, finding plaintiff's common law unfair competition claim preempted based on allegations defendant "'engaged in palming off or passing off by making false representations tending to induce buyers to believe the misleading impression that Defendants' work with [plaintiff] is affiliated with or sanctioned by [the plaintiff]" as preempted. *Id.* at *4. This Court relied on the Supreme Court and Ninth Circuit's recognition that § 1125(a) of the Lanham Act applies to conduct that constitutes passing off and reverse passing off. *Id.*

Here, LFI alleges Target "ha[s] appropriated LFI's trade dress . . . and is passing off its product to consumers as originating from LFI or authorized by LFI, to LFI's substantial detriment." Amend. Comp. at ¶ 24 (Doc. 11). In support of its common law unfair competition claim, LFI repeats the same allegations it makes to underpin its claim for unfair competition under §43, 15 U.S.C. §1125(a) Lanham

Act. Compare *id.* at ¶¶ 53-54 (Alleging likelihood of confusion for unfair competition under Arizona common law) with ¶¶ 46-47 (Alleging likelihood of confusion for unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)).

LFI's Arizona common law unfair competition claim is essentially identical to its claim under the Lanham Act and thus is preempted by the Act and should be dismissed.

**3. Count III Fails as a Matter of Law with Respect to the '807 and '091 Copyrights because the Costume and the Copyrights are Not Substantially Similar.**

To maintain a claim for copyright infringement, LFI must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).* Copying may be established by demonstrating (1) "that the [defendant] had access to plaintiff's copyrighted work" and (2) "that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc*., 297 F.3d 815, 822 (9th Cir. 2002). But general concepts of colors and shapes are far too abstract of a similarity to be legally cognizable. 17 U.S.C. § 102(b); *see Harper & Row Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 556, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) (Explaining copyright law protects expression, not ideas). A copyright claim can be dismissed as a matter of law based on substantial similarity when the court is presented with the copyright material and the allegedly infringing work. *Masterson v. Walt Disney Co.*, 821 Fed. App'x 779, 781-82 (9th Cir. 2020); *see also Christianson v. West Pub. Co.,*

149 F.2d 202, 203 (9th Cir. 1945) (Noting there is "ample authority" supporting such an examination at the motion to dismiss stage).

With respect to the '807 and '091 Copyrights, LFI fails to state any plausible cause of action for copyright infringement. The '807 and '091 Copyrights contain a number of different elements, only a few of which are alleged to apply to the Costume. The relevant accused elements are images of bats, jack-o-lanterns, candy corn, wrapped candy, spider webs, and stars.

At the outset, familiar images, such as stars, are not subject to copyright protection. *See*, 37 CFR §202.1(a); Copyright Compendium § 313.4(J) ("Familiar symbols and designs are not copyrightable and cannot be registered . . . [e]xamples of familiar symbols and designs include, without limitation: [c]ommon representational symbols, such as a . . . ***star . . .***"; *id.* § 906.1 (emphasis added) ("The Copyright Act does not protect common geometric shapes, either in two-dimensional or three-dimensional form."). [2] Further, LFI did not include any specific mention of stars or twinkling stars in the descriptions of covered works

---

[2] The Court may properly consider the Copyright Compendium because it is a public record from the Copyright Office. *See Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 803 (N.D. Cal. 2023) (citation omitted). Not only may the Court rely on the Copyright Compendium on a 12(b)(6) motion to dismiss, this Court defers to its interpretations in interpreting the Copyright Act when appropriate. *Troy Nickolas Turk v. Cambridge Props. Inc.,* No. CV-14-00890-PHX-SPL, 2015 WL 11120681, at *2, n.3 (D. Ariz. Feb. 27, 2015) (citing *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 684 (9th Cir. 2014)). Copyright Compendium is available at https://copyright.gov/comp3/chap300/ch300-copyrightable-authorship.pdf.

listed in either the ’807 and ’091 Copyrights.[3] Finally, even if images of stars could be protected by copyright, which they cannot, a comparison of the stars shown in the LFI copyrights with the stars as part of the Costume shows the respective stars are different:

| **‘807 Copyright** | **Costume** |
| --- | --- |
|   **‘091 Copyright**  |  |

[3] The Court may consider the copyright registrations because LFI incorporated by reference the registrations in its Amended Complaint (Doc. 11) and in Exhibit A. *See Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987), *cert. denied,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987). In addition, copyright registrations are matters of public record of which the Court may take judicial notice. *See Knievel v. ESPN*, 393 F.3d at 1076; *Idema v. Dreamworks, Inc*., 90 Fed. App’x 496, 498 (9th Cir. 2003) (Noting copyright registrations are properly the subject of judicial notice). Indeed, in a copyright case, the Court may consider the allegedly infringed work and the accused work on motion to dismiss. *Campbell v. Walt Disney Co*., 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010).

Regarding the other elements included in the ’807 and ’091 Copyrights, a simple visual comparison of these elements, with the corresponding images from the Costume, shows the respective images are not substantially similar:

| **Bats** | |
|---|---|
| **‘807 Copyright** | **Costume** |
|  |  |
| **Jack-O-Lantern** | |
| **‘807 Copyright** | **Costume** |
|  |  |
| **Candy Corn** | |
| **‘807 Copyright** | **Costume** |
|  |  |
| **Wrapped Candy** | |
| **‘807 Copyright** | **Costume** |
|  |  |

**Spider Web**

**‘901 Copyright**




**Costume**



Accordingly, LFI has not stated any cause of action, and cannot plausibly assert a cause of action for copyright infringement with respect to the ’807 or ’091 Copyrights. This Court should dismiss LFI’s Count III with respect to the ’807 and ’091 Copyrights.

## IV. CONCLUSION

For the foregoing reasons, Target respectfully requests the Court dismiss the action and all claims pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: November 10, 2025

**MUNSCH HARDT KOPF & HARR PC**

By: _/s/ Steven N. Williams_
Steven N. Williams (*admitted pro hac vice*)
Texas State Bar No. 21577625
swilliams@munsch.com
William Zac Duffy (*admitted pro hac vice*)
Texas State Bar No. 24059697
Brittani Stori Miller (*admitted pro hac vice)*
Texas State Bar No.24143725

**Attorneys for Defendants**
**Target Corporation and Target Brands Inc.**

## LRCIV 12.1(C) CERTIFICATION

Pursuant to LRCiv 12.1(c), Defendants Target Corporation and Target Brands, Inc. certify the following pre-filing communications regarding this Motion to Dismiss (the "**Motion**"). On November 5, 2025, Defendants' counsel notified Plaintiff's counsel via email of the pleading issues in the Amended Complaint (Doc. 11) and raised in the Motion, as well as Defendants' belief and basis that such issues were incurable. Plaintiff's counsel responded in opposition and parties further discussed the issues via teleconference on November 6, 2025. During this teleconference the parties were unable to agree that the Amended Complaint was curable in any part.

_/s/ Steven N. Williams_
Steven N. Williams

## CERTIFICATE OF SERVICE

The undersigned certifies that plaintiff has been served on all counsel of record in accordance with Fed. R. Civ. P. 5(b), by serving a copy through the electronic filing system of this court on November 10, 2025.

_/s/ Steven N. Williams_
Steven N. Williams